UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DELNER CRUMPTON,

    Plaintiff,

v.

BARRY COUNTY,

    Defendant.

                                              /

Case No. 1:23-cv-417

Hon. JANE M. BECKERING

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by Michael Delner Crumpton ("Crumpton"), a prisoner in the custody of the Michigan Department of Corrections (MDOC). Crumpton has sued Barry County (the "County") for an alleged incident which occurred at the County Jail. The incident occurred after Crumpton's conviction but before he was transported to the MDOC to serve his sentence. This matter is now before the Court on defendant's motion for summary judgment (ECF No. 31).

**I.**    **Crumpton's complaint**

By way of background, Crumpton entered a guilty plea for possession of methamphetamine on November 18, 2020. Opinion (ECF No. 12, PageID.80, fn. 1). He was released, failed to appear for his sentencing, and arrested on a bench warrant on March 29, 2021, and placed in the jail pending his sentencing hearing. *Id*. At the time of his arrest, Crumpton told the jail medical staff that his left ring finger was dislocated or broken. *Id*. at PageID.80. The injury occurred a month or two before his arrest. *Id*. The jail medical staff told Crumpton that he could

1

not receive any medical attention until he was transferred to the MDOC facility (*i.e.*, the Charles E. Egeler Reception & Guidance Center (RGC)). *Id*.

On April 7, 2021, the state court sentenced Crumpton to a prison term of 38 to 120 months. *Id*. at PageID.81. On April 21, 2021, Crumpton was transferred to RGC. *Id*. Crumpton alleged that he received medical care for his finger while at prison which included surgery later in 2021. Compl. Exh. (ECF No. 1-1, PageID.18-28).

On initial screening, this Court concluded that Crumpton's allegations were sufficient to state an Eighth Amendment claim against the County:

> Construed liberally, Plaintiff's factual allegations suggest that the county has a policy of simply declining to provide medical care for convicted defendants awaiting sentencing and transport to the MDOC. Plaintiff alleges that execution of that policy resulted in at least some part of the injury to his finger and certainly a continuation of the pain. Because Plaintiff has alleged facts that suggest the county has an unconstitutional policy of delaying care and that, as a result, he suffered injury, he has adequately stated an Eighth Amendment claim against Defendant Barry County.

*See also*, *id*. at PageID.96. For his relief, Crumpton seeks compensatory and punitive damages. Compl. (ECF No. 1, PageID.9-10).

## II.    Motion for summary judgment

### A.    Legal standard

Defendant has moved for summary judgment for lack of exhaustion and on the merits. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

> stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.     Exhaustion

Defendant contends that Crumpton failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

Here, the Jail has an available remedy for inmates such as Crumpton, which consists of a five-step grievance procedure for complaints concerning the application or interpretation of the jail rules and regulations for violation of civil rights, a criminal act, unjust denial or restriction of inmate privileges, or prohibited acts by facility staff. *See* Barry County Inmate Resident Guide (ECF No. 31-4, PageID.217). The grievance procedure is summarized as follows: Step One (inmate verbally presents the matter to a Corrections Deputy within 24 hours of the occurrence); Step Two (if not settled, the inmate may submit a "complaint/grievance" to a Corrections Deputy on the kiosk which will be responded to within 24 hours); Step Three (if not settled, the inmate may advance a complaint/grievance on the kiosk to the Sergeant which will be responded to within 3 days); Step Four (if not settled, the inmate may submit a complaint/grievance to the Lieutenant which will be responded to within 3 days); and, Step Five (if not settled, the inmate may request a grievance hearing within three days of receiving the Lieutenant's response). *Id*. at PageID.218-219.

The Resident Guide further provides that,

> The majority of housing locations have an electronic kiosk. Inmates with access to a kiosk will use the kiosk for interdepartmental correspondence.

4

> Inmates housed in a location without access to a kiosk will be provided a paper form for interdepartmental correspondence.

*Id*. at PageID.219.

Barry County Sheriff's Department Lt. Pete Nevins stated in a declaration signed pursuant to 28 U.S.C. § 1746[1] that:

> 7.  As the Jail Administrator/Lieutenant, I am involved in Step Four and Five of the grievance process.
>
> 8.  Plaintiff never filed a grievance regarding the medical care he received for his finger. No documentation regarding a grievance could be located. Plaintiff never submitted a Step Four grievance for my review.

Nevins Decl. (ECF No. 31-6, PageID.244). Based on this record, there is no evidence that Crumpton properly exhausted his claim before filing this lawsuit.

In his response, Crumpton stated that he was not allowed to file any grievances because of his housing placement. Crumpton's Response (ECF No. 42, PageID.282). Crumpton also suggests that he had an opportunity to file grievances, but does not affirmatively state that he filed a grievance,

> The plaintiff was told he would be given a kite and a pen if he would like to file a grievance, there should definately [sic] be grievances in the plaintiff's file regarding not only medical issues but also issues with the cell as mentioned.

*Id*. In addition, Crumpton stated that there is no paper record of grievances from the jail:

> Although plaintiff attached grievance documents from M.D.O.C. [to his complaint], he did not offer any proof that he submitted similar grievances to Barry

---

[1] Fed. R. Civ. P. 28 U.S.C. § 1746 (Unsworn declarations under penalty of perjury) provides in pertinent part,

"Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: (1) If executed without the United States: 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)'."

>County, it is also procedure to destroy all paperwork during transfer from county jail to custody at M.D.O.C.

*Id*. Finally, contrary to the suggestion that he filed grievances, Crumpton states that "the plaintiff tried to exhaust the administrative remedies but was refused by staff." *Id*. at PageID.286.

Based on this record, there is no evidence that Crumpton filed a grievance while at the Barry County Jail. Lt. Nevins' declaration established that Crumpton did not properly exhaust a grievance. As discussed, Crumpton does not affirmatively state that he filed a grievance. While Crumpton's statements suggest a number of possibilities: that he was not allowed to file a grievance due to housing placement; that there should be grievances in his file; that the County has a procedure to destroy copies of grievances; and/or, that he tried to exhaust grievances "but was refused by staff," these statements do not rebut Lt. Nevins' declaration. In this regard, Crumpton did not present either an affidavit or a declaration pursuant to § 1746.[2]

Furthermore, contrary to his statements, Crumpton had access to an electronic kiosk during some point in his stay at the Jail, as evidenced by an electronic kite he sent on April 3, 2021 requesting a cast or a sling for his finger. *See* Electronic Kite (ECF No. 31-3, PageID.170). The record reflects that a nurse sent Crumpton an electronic kite on April 5, 2021, stating "seen. Put on Dr. list." *Id*. Furthermore, the record reflects that Crumpton had access to paper and pencil to submit a grievance, as indicated by his handwritten kites dated April 10, 2021 and April 17, 2021, neither of which he designated as a grievance. *Id*. at PageID.171-172. Based on this record, the Court concludes that Crumpton did not properly exhaust any claims against defendant. *Jones*, 549

---

[2] In this regard, at the end of his proof of service, Crumpton included the following statement, "I declare that the statements contained above are true to the best of my information, knowledge, and belief." Proof of Service (ECF No. 42, PageID.287). Assuming that Crumpton intended this "declaration" to apply to his filings, the statement does not create a factual issue on exhaustion, *i.e.*, it is not made under penalty of perjury as required by § 1746 and is based on "information, knowledge, and belief". *See Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) ("statements made on belief or on information and belief, cannot be utilized on a summary-judgment motion") (internal quotation marks omitted).

U.S. at 218-19; *Woodford*, 548 U.S. at 90-93. Accordingly, defendant Barry County's motion for summary judgment should be granted on this basis.

### C.    Eighth Amendment claim

Crumpton seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004).  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law.  *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the County's liability under 42 U.S.C. § 1983 is limited to whether its official policies or customs caused Crumpton's injuries.  In *Griffith v. Franklin County, Kentucky*, 975 F.3d 554 (6th Cir. 2020), the Sixth Circuit summarized § 1983 municipal liability:

> "A municipality may not be held liable under § 1983 on a *respondeat superior* theory – in other words, '*solely* because it employs a tortfeasor.' " *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Instead, a plaintiff must show that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).  A plaintiff does this by showing that the municipality had a "policy or custom" that caused the violation of her rights. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018.  And when a plaintiff seeks to hold a municipality liable on the basis of a facially lawful municipal action which led an employee to violate her rights, she "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Brown*, 520 U.S. at 407, 117 S.Ct. 1382.

*Griffith*, 975 F.3d at 580-81 (emphasis in original).

As this Court explained,

> In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509.

*Carpenter v. Ottawa County Jail*, No. 1:18-cv-116, 2018 WL 1061489 at *2 (W.D. Mich. Feb. 27, 2018). A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the policymaker. *Monell*, 436 U.S. at 690.

Here, Lt. Nevins stated that the County does not have a policy as alleged in Crumpton's complaint:

> 9. The Barry County Sheriff's Office does not have a policy that denies, prohibits, discourages, or ignores medical treatment for inmates awaiting sentencing or inmates that have been sentenced and are awaiting transfer to the Michigan Department of Corrections, the Federal Bureau of Prisons, or any other law enforcement entity.

Nevins' Decl. at PageID.244.

In his response, Crumpton cited Lt. Nevins and acknowledged that:

> Barry County <u>does not</u> have a policy that denies, prohibits, discourages, or ignores medical treatment for inmates awaiting sentencing or inmates that have been sentenced and are awaiting transfer to the Michigan Department of Corrections, the Federal Bureau of Prisons, or any other law enforcement entity.

Crumpton's Response at PageID.278 (emphasis in original). Then, Crumpton pivots his argument to allege a new claim that "plaintiff recieved [sic] inadequate medical care while detailed at the jail." *Id*.

In summary, Crumpton brought this lawsuit alleging that Barry County violated his constitutional rights because the County has a policy of "declining to provide medical care for convicted defendants awaiting sentencing and transport to the MDOC." *See* Opinion at PageID.96. As discussed, there is no such policy. Crumpton's § 1983 claim against the County fails.

8

Accordingly, the County's motion for summary judgment should be granted on the merits of the complaint.

### III.     Recommendation

For these reasons, I respectfully recommend that defendant Barry County's motion for summary judgment (ECF No. 31) be **GRANTED** and that this lawsuit be **terminated**.


Dated:  August 6, 2024                                          /s/ Ray Kent
                                                                RAY KENT
                                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).