UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DELNER CRUMPTON,

 Plaintiff,

v.

BARRY COUNTY,

 Defendant.

_____/

Case No. 1:23-cv-417

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant Barry County ("the County") violated his Eighth Amendment rights and exhibited deliberate indifference to his serious medical needs while Plaintiff was housed at the Barry County Jail but before he was transported to the Michigan Department of Corrections (MDOC) to serve his sentence.  This Court previously determined that "[c]onstrued liberally, Plaintiff's factual allegations suggest that the County has a policy of simply declining to provide medical care for convicted defendants awaiting sentencing and transport to the MDOC" (4/24/23 Op., ECF No. 12 at PageID.89).  Plaintiff alleges that execution of that policy resulted in at least some part of the injury to his left ring finger (*id.*).  Following discovery, the County moved for summary judgment, and the matter was referred to the Magistrate Judge.  The Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant the County's motion and close this case because (1) Plaintiff did not exhaust his available administrative remedies and/or (2) the record did not support the existence of any such policy (R&R, ECF No. 53 at PageID.452–453).

The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 57) and accompanying filings (ECF Nos. 58 & 61). Plaintiff has also since filed a Motion to Re-Open Discovery (ECF No. 60). The County filed a response in opposition to the objections and motion (ECF Nos. 63 & 65). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies the motion as moot, and issues this Opinion and Order and corresponding Judgment to close this case.

An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The Court's task is to review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Here, Plaintiff presents five objections to the Magistrate Judge's Report and Recommendation.

***First***, Plaintiff briefly objects to the Magistrate Judge's "factual assessment" (Pl. Obj., ECF No. 57 at PageID.461–462). Plaintiff does not argue that the Magistrate Judge erred in his review of the record that the parties presented to him; rather, Plaintiff indicates that Plaintiff himself committed "error" in failing to submit evidence to the Court (*id.* at PageID.462). Plaintiff's objection is directed at the Magistrate Judge's exhaustion analysis and the Magistrate Judge's finding that Plaintiff did not "affirmatively state that he filed a grievance" because Plaintiff's statements were not presented either in an affidavit or a declaration pursuant to 28 U.S.C. § 1746 (R&R, ECF No. 53 at PageID.451).

2

Plaintiff's failure to properly submit evidence does not demonstrate any error by the Magistrate Judge. As Plaintiff tacitly acknowledges, pro se litigants must comply with the procedural rules that govern civil cases. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that while "pleadings prepared by prisoners who do not have access to counsel be liberally construed," "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel" because, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law") (citation omitted). Moreover, Plaintiff's newly submitted Declaration (ECF No. 58) does not correct the deficiency highlighted by the Magistrate Judge.[1] Plaintiff's newly submitted Declaration states merely that he complied with the grievance procedure through Step II; it does not state that he *completed* the process. *See* Pl. Decl., ECF No. 58 at PageID.473–474. *See generally Jones v. Bock*, 549 U.S. 201, 218–19 (2007) (describing exhaustion requirements). Plaintiff's first objection is properly denied.

**Second**, Plaintiff asserts that the injury to his left ring finger "occurred 2 week[s] to 1 month before the Plaintiff's arrest and can be verified by the most recent medical records that should have been obtained by the Barry County Sherriff's [sic] Department medical staff" (Pl. Obj., ECF No. 57 at PageID.462). Plaintiff's objection fails to reference, let alone demonstrate any error within, the Magistrate Judge's analysis. Taken at face value, his conclusory assertion

---

[1] To the extent that Plaintiff's newly submitted Declaration (ECF No. 58) also attempts to assert issues that were not presented to the Magistrate Judge, such issues would be waived. Although district courts must engage anew with issues raised after a magistrate judge's report and recommendation, the Sixth Circuit has generally articulated that "issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived." *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

that medical staff did not obtain the correct records does not establish the existence of a *policy*, which Plaintiff was required to prove to support his Eighth Amendment claim against the County. *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (explaining that Congress did not intend local governments to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort, i.e., a local government "cannot be held liable *solely* because it employs a tortfeasor") (emphasis in original). Plaintiff's second objection is properly denied.

**Third**, Plaintiff argues that "the issues with the facts of the Complaint are clearly being tremendously misconstrued" (Pl. Obj., ECF No. 57 at PageID.462). Plaintiff acknowledges he was seen by jail medical staff and offered medical care but indicates that the care was not the type he desired (*id.* at PageID.462–463). Plaintiff also argues that he "suffered medical negligence and medical malpractice when RGC medical staff misread X-ray examination on 5/18/21 and misdiagnosed a dislocated finger for tenosynovitis with maceration and perscribed [sic] anti-fungal powder" (*id.* at PageID.463). Plaintiff's arguments sound in medical malpractice and negligence, which fall short of the standard for demonstrating deliberate indifference, *see Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."), and the arguments do not, in any event, help Plaintiff demonstrate the existence of a County policy, *see Monell, supra*. Plaintiff's third objection is properly denied.

**Fourth**, Plaintiff objects to the Magistrate Judge's exhaustion analysis, which included a reference to the Resident Guide at the County Jail. *See* R&R, ECF No. 53 at PageID.449–450 ("The Resident Guide [] provides that '[t]he majority of housing locations have an electronic kiosk. Inmates with access to a kiosk will use the kiosk for interdepartmental correspondence. Inmates

4

housed in a location without access to a kiosk will be provided a paper form for interdepartmental correspondence.'") (quoting Barry County Inmate Resident Guide, ECF No. 31-4 at PageID.219). In his objection, Plaintiff asserts that the Resident Guide "isn't readily available to all residents" (Pl. Obj., ECF No. 57 at PageID.464).  The Magistrate Judge thoroughly examined the record with respect to exhaustion, *see* R&R, ECF No. 53 at PageID.448–452, and Plaintiff's mere statement about the availability of the Guide fails to demonstrate that the Magistrate Judge committed any factual or legal error in determining that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  Plaintiff's fourth objection is properly denied.

*Fifth*, Plaintiff contends that he has "satisfied all of the criteria to the Courts to show (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the Defendant deprived him of this federal right under color of law" (Pl. Obj., ECF No. 57 at PageID.465–466).  The Magistrate Judge concluded that Plaintiff failed to establish a *Monell* claim sufficient to survive the County's motion for summary judgment (R&R, ECF No. 53 at PageID.453).  Plaintiff's mere assertion to the contrary does not demonstrate any error by the Magistrate Judge.  In any event, as the Magistrate Judge pointed out (R&R, ECF No. 53 at PageID.452), the County's motion could also be independently granted on the basis of Plaintiff's failure to exhaust his administrative remedies.  Plaintiff's fifth objection is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones*, 549 U.S. at 211–12.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 57) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 53) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 31) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Re-Open Discovery (ECF No. 60) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  September 27, 2024                             /s/ Jane M. Beckering
                                                                            JANE M. BECKERING
                                                                            United States District Judge